United States District Court
Southern District of Texas
**ENTERED**
March 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
|    Plaintiff, | § | |
| **v.** | § | Criminal Case No. 2:20-CR-00800 |
| | § | |
| **VICTOR HUGO BOJORGES-DIAZ** | § | |
|    Defendant. | | |

### ORDER

Pending before the Court is Defendant Victor Hugo Bojorges-Diaz's letter motion for good time credit. (Dkt. No. 21).

On October 15, 2020, Defendant was sentenced to 21 months' imprisonment after he pled guilty to illegal re-entry. He now moves the Court for good time credit because he completed an Anger Management class while in custody.

Under federal law, a term of imprisonment is satisfied through actual time in custody plus good time credits. 18 U.S.C. § 3624(a)-(b). The Bureau of Prisons (BOP) is responsible for calculating sentencing credit, and the proper vehicle for challenging the BOP's calculation is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v.*

*Wilson*, 503 U.S. 329, 335 (1992) (citing 503 28 C.F.R. §§ 542.10–542.16 and collecting cases). Because Defendant has not shown that he has exhausted his administrative remedies through the BOP, the Court may not grant the relief he seeks at this time.

Moreover, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at the Eagle Pass Detention Facility, which is located in the Western District of Texas. Assuming Defendant remains incarcerated in Eagle Pass, he should file any section 2241 petition in the Western District of Texas after first exhausting his administrative remedies.

For the foregoing reasons, Defendant's letter motion for good time credit (Dkt. No. 21) is **DENIED WITHOUT PREJUDICE.** Although Defendant's motion is denied, today's order does not adjudicate the merits of his § 2241 complaints.

It is SO ORDERED.

SIGNED this March 22, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**